

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00131-CV
_____

SETH STRODE, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2004-744

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Seth Strode was an inmate at a state prison in Winnsboro July 4, 2003, when he was using a motorized bandsaw to cut pork loins in the prison's butcher freezer and accidentally severed four fingers[1] from his left hand.

Strode sued the Texas Department of Criminal Justice (TDCJ) for his injuries, claiming they were the result of TDCJ (a) providing Strode with a level of training that was negligently below that level required by TDCJ's written policies, (b) providing Strode with inadequate safety equipment (which was not in accordance with TDCJ's written policies), and (c) providing Strode with inadequate supervision (which was also at a level far below that otherwise required by TDCJ's written policies) during the butchering. Each of these theories of recovery was based on the claim that TDCJ's employees were negligent in failing to properly implement the agency's written policies. Strode also alleged TDCJ had waived its sovereign immunity under the Texas Tort Claims Act because his injuries resulted from the combination of his use of motor-driven equipment and of TDCJ's employees' negligent implementation of those written policies. TDCJ filed its answer and later filed a plea to the jurisdiction. After a hearing held September 28, 2007, the trial court granted TDCJ's plea to the jurisdiction and ordered that Strode take nothing from TDCJ. Strode now

---

[1]Three fingers were later surgically re-attached. Those three fingers remain unusable, and Strode has been left with only a nub in the place of his last finger.

2

appeals, raising six issues. TDCJ urges that we affirm and that we refuse to consider Strode's deposition attached to his appellate brief.[2]

We affirm the trial court's judgment because (1) TDCJ's plea to the jurisdiction was not procedurally flawed, (2) Strode's pleadings failed to invoke the trial court's subject matter jurisdiction, and (3) the trial court did not err by not allowing Strode to amend his pleadings.

*(1) TDCJ's Plea to the Jurisdiction Was Not Procedurally Flawed*

In his second point of error, Strode contends the trial court erred by granting TDCJ's plea to the jurisdiction because that plea was procedurally flawed. TDCJ filed its original answer January 7, 2005. TDCJ filed its plea to the jurisdiction "pursuant to Texas Rule of Civil Procedure 85" on September 7, 2007. The thrust of Strode's second issue is that, because TDCJ's plea to the jurisdiction was not filed in conjunction with, or made a part of, TDCJ's original answer, the plea is flawed. TDCJ's appellate brief makes no attempt to address this issue. *See* TEX. R. APP. P.

---

[2]TDCJ urges this Court to ignore Strode's deposition, because it appears nowhere in the official record from the proceedings below and was not otherwise made available to the trial court. We agree. The reporter's and clerk's records in this case do not suggest the trial court considered this full version of Strode's deposition in determining the propriety of TDCJ's plea to the jurisdiction. Therefore, because Strode's deposition was not made part of the official record from the court below, and because Strode's full deposition was not otherwise incorporated into any of the pleadings or demonstrably considered by the trial court, Strode's full deposition may not be (and has not been) considered by this Court in resolving any of the issues raised in this appeal. *See* TEX. R. APP. P. 34.5 (defining contents of clerk's record); TEX. R. APP. P. 34.6 (defining contents of reporter's record); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.).

3

38.2(a)(2) ("the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points").

A governmental unit need not file its plea to the jurisdiction simultaneously with its original answer before the trial court may rule on the merits of the plea. *See, e.g.*, *Morales v. Barnett*, 219 S.W.3d 477, 479–80 (Tex. App.—Austin 2007, no pet.); *City of Dallas v. Willis*, 214 S.W.3d 631, 633–38 (Tex. App.—Dallas 2006, no pet.). "A plea to the jurisdiction based on sovereign immunity challenges a trial court's jurisdiction." *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *see also Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 333 (Tex. App.—Corpus Christi 2002, no pet.) ("governmental unit may properly challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction since absent the state's consent to suit a trial court has no subject matter jurisdiction"). Challenges to a trial court's subject matter jurisdiction may be raised at any time, even on appeal. *Univ. Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004); *State v. Beeson*, 232 S.W.3d 265, 269 (Tex. App.—Eastland 2007, pet. abated).

Strode's suggestion—that TDCJ's challenge to the trial court's subject matter jurisdiction could not be brought post-answer or must otherwise have been styled differently to be of any import—is without merit.

*(2) Strode's Pleadings Failed To Invoke the Trial Court's Subject Matter Jurisdiction*

In his third, fourth, and sixth points of error, Strode raises a variety of complex issues, all in an effort to show the trial court erred by granting TDCJ's plea to the jurisdiction. As we have already

4

noted, a plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). More specifically, a plea to the jurisdiction raises the suggestion that the trial court lacks subject matter jurisdiction because the State has not otherwise waived its sovereign immunity from being sued. *See, e.g.*, *Reed v. Prince*, 194 S.W.3d 101, 104–05 (Tex. App.—Texarkana 2006, pet. denied). On appeal, a trial court's decision to grant or deny a plea to its jurisdiction is a matter that shall be reviewed under a de novo standard. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004). To determine whether TDCJ has waived its sovereign immunity in this case, we must consider the facts and theories of recovery alleged by Strode and (to the extent that such is relevant to the jurisdictional issue) the evidence submitted by the parties to the trial court. *See Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

As a governmental unit,[3] TDCJ is immune from suit and liability unless the Texas Tort Claims Act waives the State's sovereign immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (Vernon 2005); *see generally Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). In this case, Strode alleged in his plaintiff's petition that Article 101.021 provides such a waiver. That statute provides,

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

---

[3]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A) (Vernon 2005).

5

(A)  the property damage, personal injury, or death arises from the operation of a motor-driven vehicle or motor-driven equipment; and

(B)  the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal property or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005) (governmental liability); *see Mo. Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 814 (Tex. 1970) (party suing governmental entity protected by sovereign immunity must allege either consent to suit by either statutory reference or express legislative permission).  The term "use" (as that term is utilized in Article 101.021) means "'to put or bring into action or service;  to employ for or apply to a given purpose . . . .'"  *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg by & through Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989) (quoting *Beggs v. Tex. Dep't of Mental Health & Mental Retardation*, 496 S.W.2d 252, 254 (Tex. App.—San Antonio 1973, writ ref'd n.r.e.)).

Strode argues that Texas law has waived TDCJ's sovereign immunity in this case because (a) Strode's injuries were caused by a motor-driven machine and (b) Strode's injuries were the result of TDCJ's negligent implementation of its written policies concerning inmate supervision and training in the prison butcher shop.  TDCJ does not dispute Strode's injuries were caused by his use of motor-driven equipment.  The parties do, however, dispute whether Strode could seek recovery from a private person for his injuries under his theories of negligent implementation of written

6

policy. Therefore, the central issues in this appeal are whether a private person might be liable to Strode for his injuries under a theory of negligent implementation of TDCJ's written policies and whether such a theory of recovery necessarily satisfies the statutory requirement of the "use of tangible property." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

We first pause to note what claims Strode did and did not make in his petition. Strode did *not* allege TDCJ officials were either "grossly negligent" or "wantonly negligent," nor did Strode claim in his petition that TDCJ officials executed their supervisory duties "with conscious indifference or reckless disregard for the safety of others" in implementing the written safety policies regarding inmate training, use, and supervision while using this particular motorized bandsaw. Instead, he claims only that TDCJ employees acted with general negligence in implementing TDCJ's written policies. Under this theory of negligent implementation of written policies, Strode contends TDCJ should be held liable for the injuries to his hand.

"The negligent-implementation theory of liability does not itself waive immunity." *Guadalupe-Blanco River Auth.*, 84 S.W.3d at 342 (citing *City of Orange v. Jackson*, 927 S.W.2d 784, 786 (Tex. App.—Beaumont 1996, no writ)). "It arises only after a plaintiff has established a waiver of immunity under some other provision of the Texas Tort Claims Act." *Id.* Therefore, unless the plaintiff first affirmatively demonstrates the State has waived immunity from suit under some provision of law, the plaintiff cannot properly assert a claim of negligent implementation of policy. *Id.*

We believe there is one significant problem with Strode's case. The Texas Supreme Court has expressly held that pleading solely a theory of negligent implementation of written policy does *not* satisfy the requirement of Article 101.021(2) because such a theory cannot show the state employee's "use of tangible personal property" caused the plaintiff's injuries. In *Texas Department of Public Safety v. Petta*, Justice Craig Enoch, writing for a unanimous court, wrote,

> Petta's claim that the Department negligently failed to furnish the proper training, instruction, training manuals, and documents to Rivera also fails. To state a claim under the Tort Claims Act, a plaintiff must allege an injury resulting from the "condition or use of tangible personal or real property." We have long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities. In *Dallas County v. Harper*, we concluded that simply reducing information to writing on paper does not make the information "tangible personal property." And in *Kassen v. Hatley*, we specifically held that the information in an emergency room procedures manual is not tangible personal property. Thus, while instructional manuals can be seen and touched, the Legislature has not waived immunity for negligence involving the use, misuse, or non-use of the information they contain. Because written information in the form of instructions and manuals is not tangible personal property, we conclude that the information contained in the Department's policy and training manuals in this case is not tangible personal property and, accordingly, does not give rise to a claim under the Tort Claims Act.

44 S.W.3d 575, 580–81 (Tex. 2001) (footnotes omitted). The fact that the state trooper in *Petta* had chased Petta with a police vehicle and had used a gun to fire a bullet at Petta's fleeing car was insufficient to satisfy the statutory requirement regarding the "use of tangible personal property" with respect to Petta's claim of negligent implementation of policy. *See id.* Accordingly, the Texas Supreme Court held the Department of Public Safety was entitled to summary judgment on the basis that the State's sovereign immunity had not been waived with respect to Petta's claims. *Id.* at 581.

8

Strode's pleadings in this case outline his theories of recovery. Those theories of recovery are limited to allegations of negligent implementation of TDCJ's written policies by food management services employees. Strode's appellate brief also takes great pains to clarify for this Court that he "seeks to recover based upon the actions of Food Service Management employees Smith, Parker[,] and Perry" in their failures to adequately implement various safety, training, and supervision policies as written in TDCJ's various manuals. But the State has not waived its sovereign immunity with respect to any claims of negligent implementation of written policy. Accordingly, the trial court did not err by granting TDCJ's plea to the jurisdiction.[4] We overrule Strode's third, fourth, and sixth points of error. *Cf. Gainesville Mem'l Hosp. v. Tomlinson*, 48 S.W.3d 511, 514 (Tex. App.—Fort Worth 2001, pet. denied) (allegation of negligence in failing to supervise employee is not condition or use of tangible property and does not otherwise fall within area of governmental liability); *Bossley*, 968 S.W.2d at 343 (Tort Claims Act does not waive Dallas County MHMR's immunity from complaint of failing to restrain suicidal mental patient); *Waldon v. City of Longview*, 855 S.W.2d 875, 880 (Tex. App.—Tyler 1993, no pet.) (negligent entrustment

---

[4]Additionally, in his fifth point of error, Strode also contends the trial court erred by concluding that his petition did not provide TDCJ with proper notice, as required by the Texas Tort Claims Act, of Strode's cause of action. The trial court made no such finding in either its oral or written rulings. Strode's claim to the contrary lacks any factual support in the appellate record and is therefore summarily overruled.

9

cause of action based on Department's decision to allow officer to operate patrol car is not cause of action included in Texas Tort Claims Act's limited waiver of sovereign immunity).[5]

*(3) The Trial Court Did Not Err By Not Allowing Strode To Amend His Pleadings*

Finally, we address whether the trial court should have allowed Strode to amend his pleadings in lieu of granting TDCJ's plea to the jurisdiction.

If a plaintiff fails to plead sufficient facts that affirmatively invoke the trial court's subject matter jurisdiction, but if the pleadings do not also affirmatively demonstrate incurable defects to that court's jurisdiction, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend his or her pleadings such that the trial court's jurisdiction may be properly invoked. *Miranda*, 133 S.W.3d at 226–27; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). However, if the plaintiff's pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant a plea to the jurisdiction without permitting the plaintiff to amend his or her

---

[5]Alternatively, Strode's pleadings ignore the problem that TDCJ employees are not liable to inmates for negligent implementation of TDCJ policy unless such employee conduct was "intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others." TEX. GOV'T CODE ANN. § 497.096 (Vernon 2004). Strode's petition failed to claim that any TDCJ employees *intentionally* failed to properly implement TDCJ's written policies, *willfully* or *with wanton negligence* failed to properly implement TDCJ's written policies, or failed to properly implement TDCJ's written policies *with conscious indifference or reckless disregard* for the safety of Strode and/or other inmates. In the absence of any such pleadings, those same TDCJ employees (whose allegedly negligent conduct is at issue) could never be held to be liable to Strode for his injuries because the Texas Government Code expressly requires such heightened proof of more than mere general negligence before liability may attach. Therefore, Strode's pleadings cannot be said to satisfy the pleading requirements of Article 101.021(2).

10

pleadings. *Miranda*, 133 S.W.3d at 226; *Brown*, 80 S.W.3d at 555. The opportunity to amend pleadings that are insufficient to establish—but do not affirmatively negate—jurisdiction arises once the trial court first determines the plaintiff's pleadings are insufficient. *Koseoglu*, 233 S.W.3d at 839–40. More specifically, if the jurisdictional defects are curable through amendment, the plaintiff should be given the opportunity to amend when an appellate court determines a plea to the jurisdiction should have been sustained. *Id.*

Strode's theories of recovery were based only on the alleged general negligence of TDCJ food service management employees in failing to properly implement TDCJ's written policies regarding the training, supervision, and safety of inmate food service workers. The negligent implementation of a written policy is not a claim for which the Texas Legislature has waived the State's sovereign immunity because such a claim does not necessarily involve the "use of tangible real property." *Petta*, 44 S.W.3d at 580–81.

Permitting Strode to amend his pleadings would not cure the defects at issue with respect to his theories of liability. Nor was there any evidence presented that a TDCJ official or employee used tangible personal property to directly contribute to Strode's injuries. *See Bossley*, 968 S.W.2d at 343 (requiring immediate and direct causal link between defendant's use of tangible personal property and plaintiff's injuries). At best, the only "use of tangible property" that directly caused Strode's injuries was his own negligent use of the motorized bandsaw. An inmate's own negligent use of tangible personal property may not, however, generally serve as a basis for claiming the State has

11

waived its sovereign immunity.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.029(d) (Vernon 2005).  Because Strode has not brought forth any facts on which he can pursue a claim of negligence against TDCJ, we cannot say the trial court erred by not allowing him an opportunity to amend his pleadings.  *Cf. Koseoglu*, 233 S.W.3d 840; *Reed*, 194 S.W.3d at 106; *Tex. Dep't of Criminal Justice v. Lone Star Gas Co.*, 978 S.W.2d 176, 178 (Tex. App.—Texarkana 1998, no pet.).  We overrule this issue.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     May 20, 2008
Date Decided:       August 5, 2008

12