COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 CHARLES RAY PHILLIPS,
  
                            
 Appellant,
  
 v.
  
 TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al.
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
  
 
 
  
 No. 08-11-00240-CV
  
 Appeal from the
  
 112th
 District Court 
  
 of Pecos
 County, Texas 
  
 (TC# P-11311-112-CV)
 
  
 
 


O
P I N I O N

            Proceeding pro se, Charles Ray Phillips (“Phillips”) appeals the trial court’s
order granting the Texas Department of Criminal Justice’s (“TDCJ”) plea to the
jurisdiction and dismissing with prejudice Phillips’ causes of action against
TDCJ.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

            This
lawsuit arises from an incident that occurred when Phillips, an inmate imprisoned
in TDCJ’s James A. Lynaugh Unit in Fort Stockton, Texas, severed part of a
finger while operating a meat saw in the prison’s butcher shop.  After Phillips’ grievances were resolved
against him, he sued TDCJ in its official capacity and numerous governmental
employees in their individual capacities pursuant to Section 101.021(2) of the
Texas Tort Claims Act (TTCA).[1]  In a nine-count petition, only some of which
are relevant to this appeal, Phillips alleged that the defendants were
negligent and grossly negligent in furnishing him with a defective meat saw
that lacked integral safety components and in failing to implement adequate
safety procedures, to provide a safe environment, to train him to use the meat
saw properly, and to supervise him while using the meat saw.[2]  Phillips admitted in his petition, and later
in his deposition, that he did not know what caused his injury.  Relying on Phillips’ admissions, TDCJ filed a
plea to the jurisdiction, claiming that it had not waived its sovereign
immunity because Phillips could not prove that the allegedly defective meat saw
was the proximate cause of his injury.  Without
stating the basis for its decision in its order, the trial court granted TDCJ’s
plea to the jurisdiction and dismissed
with prejudice Phillips’ causes of action against TDCJ.  This
appeal followed.

DISCUSSION

            Phillips
raises six issues on appeal.  In his
third, fourth, and fifth issues, Phillips takes three bites at the proverbial
apple to argue that the trial court should not have granted TCDJ’s plea to the
jurisdiction because the causes of action he alleged in his petition were
sufficient to establish that TDCJ waived its sovereign immunity under the Texas
Tort Claims Act thus invoking the trial court’s jurisdiction.  In his second and sixth issues, Phillips
contends that the trial court was unaware that it had the authority to consider
additional evidence he filed during the course of the proceeding when deciding
TDCJ’s plea to the jurisdiction and therefore erred in not considering this
evidence.  And in his first issue,
Phillips argues that the trial court violated the canons of judicial conduct
when it held the hearing on the plea to the jurisdiction in his absence.

Proximate Cause

 

            As
stated above, Phillips complains in three separate issues that his causes of
action are pled sufficiently well to establish TDCJ waived its sovereign
immunity pursuant to Section 101.021(2) of the TTCA.  In his third issue, Phillips argues that “the
affirmative allegation of furnishing defective equipment to [him] state[s] a
case within the statutory waiver of immunity[.]”  In his fourth issue, Phillips contends that
“[TDCJ] use[d] tangible personal property in such a manner as to waive immunity
under [the TTCA].”  In his fifth issue,
Phillips argues that “[he met] the statutory elements and common-law elements
of the underlying cause of action for waiver of immunity under” Section
101.021(2) of the TTCA.  The question is
whether Phillips’ injuries were proximately caused by the negligence or
wrongful act or omission of a TDCJ employee acting within his or her scope of
employment.

A. 
Standard of Review

TDCJ’s plea to the
jurisdiction based on sovereign immunity challenged the trial court’s
jurisdiction to hear this case.  State v. Holland, 221 S.W.3d 639, 642
(Tex. 2007); Strode v. Tex. Dep’t of
Criminal Justice, 261 S.W.3d 387, 390 (Tex.App.--Texarkana 2008, no pet.).  We apply a de novo standard of review to determine whether Phillips alleged
facts and theories of recovery that affirmatively demonstrated that TDCJ waived
its sovereign immunity, thereby invoking the trial court’s jurisdiction.  Holland,
221 S.W.3d at 642; Strode, 261 S.W.3d
at 390.  In so doing, we construe Phillips’
pleadings liberally in his favor and look to his intent.  Holland,
221 S.W.3d at 643.  If Phillips’ pleadings
do not affirmatively demonstrate jurisdiction, but do not negate it outright,
then Phillips ought to be afforded the opportunity to amend since the issue is
one of pleading sufficiency.  Holland, 221 S.W.3d at 643.  If, however, Phillips’ pleadings affirmatively
negate jurisdiction, then the plea to the jurisdiction must be granted without
allowing Phillips an opportunity to amend. 
Id.  Should it be necessary, additional evidence submitted
by the parties pertaining to jurisdictional facts may be considered.  Holland,
221 S.W.3d at 643; Strode, 261 S.W.3d
at 390.

B. 
Texas Tort Claims Act

Unless waived by
statute, state governmental units such as TDCJ are immune from suit and
liability pursuant to the doctrine of sovereign immunity.  State
v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009); Strode, 261 S.W.3d at 390. 
In promulgating the TTCA, the Legislature waived sovereign immunity for certain
tort claims involving automobiles, premises defects, or the condition or use of
property.  Tex.Civ.Prac.&Rem.Code Ann. §§ 101.001(3)(A)-(B),
101.021, 101.022, 101.025 (West 2011 & Supp. 2011).  In particular, Section 101.021(2) of the TTCA
waives immunity for “personal injury and death so caused by a condition or use
of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.”[3]
 Tex.Civ.Prac.&Rem.Code
Ann. § 101.021(2)(West 2011).  The
causation standard embodied in Section 101.021(2) is proximate cause.  Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339,
343 (Tex.)(“Section 101.021(2) requires that for immunity to be waived,
personal injury or death must be proximately caused by the condition or use of
tangible property.”), cert. denied,
525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

1. 
Proximate Cause

Proximate cause
consists of two parts:  cause in fact and
foreseeability.  D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  The test for foreseeability is whether a
person of ordinary intelligence would have anticipated the danger his or her
negligent act or omission creates.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 478 (Tex. 1995).  The
test for cause in fact is whether the defendant’s act or omission was a
substantial factor in bringing about the injury that would not otherwise have
occurred.  IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 799 (Tex. 2003); Doe, 907
S.W.2d at 477.  Cause in fact is not
shown if the defendant’s negligence did no more than furnish a condition that
made the injury possible.  IHS Cedars Treatment Ctr., 143 S.W.3d at
799; Doe, 907 S.W.2d at 477.  The evidence “must go further, and show that
such negligence was the proximate, and not the remote, cause of the resulting
injuries” and “justify the conclusion that such injury was the natural and
probable result thereof.”  Carey v. Pure Distrib. Corp., 133 Tex.
31, 124 S.W.2d 847, 849 (1939).

Ordinarily,
determining proximate cause is a question of fact.  See El
Chico Corp. v. Poole, 732 S.W.2d 306, 313-14 (Tex. 1987).  However, a lack of proximate cause may be established
as a matter of law if the evidence is without material dispute and the
circumstances are such that reasonable minds could not arrive at a different
conclusion.  Ambrosio v. Carter’s Shooting Ctr., Inc., 20 S.W.3d 262, 266
(Tex.App.--Houston [14th Dist.] 2000, pet. denied).

C. 
Application of Law to Facts

Here, Phillips
admits in his petition and in his deposition that the meat saw was not the
proximate cause of his injury.  In his
petition, Phillips described how the incident occurred as follows:  “Plaintiff had cut approximately [360] pork
chops on the meat saw when he cut off a portion of his . . . finger . . . .  Plaintiff did not know what happened because
it happened so fast.  Plaintiff heard a
loud popping sound, then saw his finger pop about four feet into the air and
across the room.”  In his deposition,
although Phillips stated repeatedly that he “believed” the meat saw fence moved
when he went to catch the pork chops from behind the meat saw, Phillips
continued to maintain that he could not describe exactly “how [the injury] happened”
or “what malfunction there was.”  Based
on these admissions, we can draw no other reasonable conclusion but that the
meat saw was not the proximate cause of Phillips’ injury.  Although Phillips directs us to evidence in
the record in support of his argument that the meat saw was defective because
its saw fence and pusher plate, integral safety components, did not work
properly, this evidence shows, at the most, that the meat saw furnished a
condition that made the injury possible. 
Standing alone and in stark contrast to Phillips’ admissions that he was
not sure that the meat saw malfunctioned, this evidence is insufficient to
establish that the meat saw’s alleged defects proximately caused Phillips’
injury.

Because Phillips
is unable to establish that the meat saw proximately caused his injury, an
essential element of his claim, we overrule Phillips’ third, fourth, and fifth
issues.[4]

Additional Evidence

 

As stated above,
Phillips raises two issues challenging the trial court’s “evidentiary rulings.”  In his second issue, Phillips queries whether
the trial court was “aware of the fact that [it was] allowed to look at
expanded evidence when necessary to make jurisdictional determinations?”  In his sixth issue, he argues that the trial
court’s failure to consider his supplemental response, new evidence, and the
results from an out-of-court experiment before granting TDCJ’s plea to the
jurisdiction constituted reversible error pursuant to Rule 44.1 of the Texas
Rules of Appellate Procedure.  We
disagree with both of Phillips’ arguments.

As the proponent
of the “excluded” evidence, Phillips was required to present his argument to
the trial court that it should have considered his additional evidence.  He was then obligated to obtain a ruling from
the trial court to preserve his complaint on appeal.  See Tex.R.App.P. 33.1(a) (requiring that a
party must timely complain to the trial court and obtain a ruling from the
trial court on the complaint to preserve a complaint for appellate review); Rodriguez by and through Rodriguez v.
Hyundai Motor Co., 944 S.W.2d 757, 768 (Tex.App.--Corpus Christi 1997), rev’d on other grounds, 995 S.W.2d 661
(Tex. 1999)(holding that to preserve error regarding the exclusion of evidence,
both the offer of the evidence and the adverse ruling must appear in the
record).  Here, the record shows that
Phillips never presented his argument to the trial court, much less obtained a
decision from the trial court. 
Consequently, Phillips failed to preserve his complaint on appeal.

            Even
had Phillips preserved his complaint on appeal, he bore the burden to show that
the trial court’s evidentiary ruling constituted reversible error because the
trial court’s order granting TDCJ’s plea to the jurisdiction hinged on the
particular evidence excluded, which was both controlling on a material issue
and not cumulative.  City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex.
1995); Mentis v. Barnard, 870 S.W.2d
14, 16 (Tex. 1994); Benavides v. Cushman,
Inc., 189 S.W.3d 875, 879 (Tex.App.--Houston [1st Dist.] 2006, no pet.).  However, Phillips proffers no argument or
authority concerning such a contention; rather, he boldly asserts that the
trial court committed reversible error.  Because Phillips failed to adequately brief
his argument on appeal, as required by Rule 38.1 of the Texas Rule of Appellate
Procedure, he has presented nothing for our review.  See Tex.R.App.P. 38.1(i)(requiring an
appellant to provide citations to authorities in support of the arguments
raised in the brief); Hernandez v.
Hernandez, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.)(holding
that when appellate issues are unsupported by argument or lack citation to
legal authority, nothing is presented for appellate review).

Accordingly, we
overrule Phillips’ second and sixth issues.

Phillips’ Absence From the
Hearing on the Plea to the Jurisdiction

 

In his first
issue, Phillips argues that the trial court violated Canon 3 of the Code of
Judicial Canons when it held a hearing on TDCJ’s plea to the jurisdiction
without his presence because the hearing constituted an ex parte communication between TDCJ and the trial court.[5]

As an inmate,
Phillips did not have an absolute right to appear at the hearing.  In re
Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003). 
Rather, Phillips bore the burden of justifying the need for his presence
at the hearing.  In re Z.L.T., 124 S.W.3d at 166. 
Had Phillips requested to be present at the hearing, the trial court
would have then been obligated to assess his need to appear against the need to
protect the integrity of the judicial system, a decision we would have reviewed
for abuse of discretion.  Id. at 165.  Absent such a request, the trial court was
not required to inquire independently into the necessity of Phillips’ attendance.  In re
Z.L.T., 124 S.W.3d at 166.

Here, the record establishes
that the trial court set TDCJ’s plea for a hearing on July 20, 2011 and that
TDCJ mailed the notice of hearing to Phillips on June 27, 2011.  The record also shows that Phillips filed a
response to TDCJ’s plea on July 5, 2011, and filed a motion to supplement his
response ten days later.  However, nothing
in the record shows that Phillips filed a timely request to be present at the
hearing or to proceed by any other means, such as by affidavit, deposition, or
telephone.  In other words, he did not
meet his burden of justifying the need for his presence.[6]  Because Phillips did not establish the
necessity of his presence, the trial court did not violate Canon 3 of the Code
of Judicial Canons by holding the hearing without him.  See
Garrett v. Macha, 2010 WL 3432826, No. 02-09-443-CV, *3 (Tex.App.--Fort
Worth Aug. 31, 2010, no pet.)(mem. op.)(holding that the trial court did not
violate the judicial canons when it held a hearing without the presence of a pro se inmate to determine whether the
inmate was a vexatious litigant because the inmate did not satisfy his burden
to establish his presence was necessary since he failed to request his
appearance or his participation by other means).

Accordingly, we
overrule Phillips’ first issue.

 

CONCLUSION

            Having
disposed of each of Appellant’s issues, we affirm the judgment of the trial
court granting TDCJ’s plea to the jurisdiction.

 

April 18, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
In a separate order previously entered, the trial court dismissed Phillips’
causes of actions against the governmental employees Phillips sued
individually.  Phillips does not appeal
from that order.

 





[2]
Phillips also included counts in his petition complaining of the prison staff’s
failure to escort him to the infirmary following the incident, of the medical
treatment he received at the infirmary, of the problems and delays he
experienced during the grievance process, and of the jokes he endured from
prison staff.  However, Phillips does not
address the dismissal of these causes of action in his brief.  Accordingly, Phillips has waived his right to
complain about their dismissal on appeal. 
See Fort Bend County Drainage
Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991) (stating that the
appellant could not challenge a trial court’s general judgment notwithstanding
the verdict on grounds that the appellant did not advance in his brief to the
court of appeals).





[3]
Section 101.021 states in its entirety:

 

A governmental unit in the state is liable for:

 

(1)  property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A)  the property damage, personal injury, or
death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and

 

(B)  the employee would be personally liable to
the claimant according to Texas law; and

 

(2)  personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Tex.Civ.Prac.&Rem.Code
Ann. § 101.021.





[4]
In his petition and brief, Phillips alleges that TDCJ was negligent and grossly
negligent in failing to implement adequate safety procedures, to provide a safe
environment, to train him to use the meat saw properly, and to supervise him
while using the meat saw.  Each of these allegations
relates to supervisory responsibilities that are independent of the operation
or use of the meat saw.  To the extent,
Phillips is arguing that these claims satisfy the limited waiver of immunity
contained within the TTCA, he is mistaken. 
See El Paso Mental Health and
Mental Retardation Center v. Crissman, 241 S.W.3d 578, 582 (Tex.App.--El
Paso 2007, no pet.)(“Allegations of negligent supervision do not satisfy the
limited waiver of immunity contained within the Tort Claims Act.”)(citations
omitted).  Consequently, sovereign
immunity is not waived with respect to these claims.





[5]
Tex.Code Jud.Conduct Canon 3.





[6]
The record shows that on July 25, 2011, Phillips filed an “Advisory to the
Court” in which he stated he had wanted to attend the hearing and testify and
cross-examine witnesses, but had been unable because he was incarcerated, and
was now requesting a bench warrant to secure his attendance.  However, the trial court held the hearing
five days earlier, on July 20, 2011, the date on which TDCJ had notified
Phillips the hearing would occur.