

NUMBER 13-11-00510-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EFRAIN BARRAZA LARA,                                      Appellant,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, ET AL.,                                Appellees.

On appeal from the 24th District Court
of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

Pro se appellant, Efrain Barraza Lara, an indigent inmate at the Texas

Department of Criminal Justice—Institutional Division (TDCJ), appeals from an order

dismissing his suit against appellees, TDCJ, University of Texas Medical Branch (UTMB), and individual defendants Robert Denson, Robert Kainer, Steven Moorman, K. Stiefer, Cheryl Lawson, and unnamed UTMB employees. By six issues, which we restate as two, appellant contends: (1) the trial court erred in dismissing his suit because sovereign immunity was waived under section 101.021(2) of the Texas Tort Claims Act ("TTCA"), *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011); and (2) the trial court denied his state and federal constitutional rights to due course of law. As to appellant's claims against UTMB and the individual defendants, we affirm the trial court's order and dismiss those claims. As to appellant's claims against TDCJ, we reverse the trial court's order and remand the cause for further proceedings.

## I. BACKGROUND

On October 5, 2009, appellant filed suit against the individual appellees, alleging that he suffered personal injuries as a result of their negligence and gross negligence. Appellant alleged that he was injured on February 24, 2009, while on an outdoor work assignment at the Stevenson Unit. Appellant was issued a hoe and assigned to a work crew digging up bushes. According to appellant, several members of the crew were given axes with loose heads. Several of the men complained to Officer Denson, the squad supervisor, about the defective axes, but instead of replacing or removing the axes, Officer Denson allegedly gave them to other prisoners. Appellant was injured when one of the loose axe heads flew off and struck him in the arm and leg.

On April 26, 2010, appellees filed a motion to dismiss the claims against the individual appellees pursuant to section 101.106(f) of the civil practice and remedies

code, which

> provides immunity to the employee of a governmental unit by requiring either the substitution of the governmental entity for the employee or the dismissal of a plaintiff's suit when the suit is based on conduct within the general scope of that employee's employment and could have been brought under the Tort Claims Act against the governmental unit. . . . .[W]e hold that when the statutory requirements of section 101.106(f) are met, the statute confers immunity on an employee of a governmental entity.

*Phillips v. Dafonte*, 187 S.W.3d 669, 673 (Tex. App.—Houston [14th Dist.] 2006, no pet.), *overruled on other grounds*, *Franka v. Velasquez*, 332 S.W.3d 367, 382 n.67 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). On May 17, 2010, appellant filed an amended petition in which he named TDCJ and UTMB as defendants. Although the amended petition omitted the individual defendants from the caption, the petition itself retained allegations of negligence against the individual defendants.

On June 13, 2011, appellees filed a plea to the jurisdiction in which they argued that: (1) the individual defendants are entitled to dismissal pursuant to section 101.106(f); (2) UTMB and its unnamed employees are entitled to dismissal because appellant's claims are "health care liability claims," and appellant failed to timely provide UTMB with the required expert report, *see id.* § 74.351 (West 2011); and (3) TDCJ and UTMB are entitled to dismissal based on sovereign immunity because (a) appellant cannot show use of property by a governmental employee to establish waiver of immunity, *see id.* § 101.021(2); and (b) appellant cannot show waiver of immunity for the "condition" of the axe because he cannot show that an "integral safety component" of the axe was missing, *see id.* On July 7, 2011, without stating the basis for its ruling in its

3

order, the trial court granted appellees' plea to the jurisdiction and dismissed with prejudice appellant's claims against appellees.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction raises the suggestion that the trial court lacks subject matter jurisdiction because the State has not otherwise waived its sovereign immunity from being sued. S*ee State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Strode v. Tex. Dep't of Criminal Justice*, 261 S.W.3d 387, 390 (Tex. App.—Texarkana 2008, no pet.). The standard of review of an order denying a plea to the jurisdiction based on governmental immunity is de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam); *City of Houston v. Davis*, 294 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Strode*, 261 S.W.3d at 390. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). In determining whether jurisdiction exists, rather than looking at the claim's merits, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Governmental entities are entitled to immunity from suit for personal injuries unless immunity has been waived, and the claimant bears the burden to plead facts demonstrating a waiver of immunity. *Univ. of Tex.—M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Brown*, 80 S.W.3d at 554–55).

At issue in this case is the application of section 101.021(2) of the TTCA, which

provides that an appellant can establish a waiver of immunity from suit and liability only by establishing that he sustained personal injury proximately caused by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). "To properly state a claim involving the condition of property, it is sufficient to allege that defective or inadequate property contributed to the injury." *City of El Paso v. Wilkins*, 281 S.W.3d 73, 75 (Tex. App.—El Paso 2008, no pet.).

Appellant's amended petition alleged that he was injured when he was struck by the loose head of a defective axe that had been reported as defective. The amended petition did not address the issue of appellees' immunity and did not assert a basis for waiver of immunity.[1] A plaintiff is required to plead facts invoking a waiver of immunity, not to use particular magic words. *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 223 n.3 (Tex. App.—Fort Worth 2003, pet. denied). We also note that pro se pleadings are to be reviewed and evaluated by standards less stringent than those applied to formal pleadings drafted by lawyers. *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, no pet.). In his response to appellees' plea to the jurisdiction, appellant acknowledged that he was required to demonstrate waiver of

---

[1]Appellant's amended petition alleged the following: (1) Officer Robert Denson, the squad supervisor, was negligent in permitting prisoners to use defective axes; (2) Robert E. Kainer, a sergeant in charge of field force operations, was negligent in permitting unsafe policies that led to appellant's injury; (3) Steven L. Moorman, lieutenant in charge of field operations, was negligent in permitting unsafe policies ; (4) K. Steifer, assistant warden of the Stevenson Unit, was negligent in supervising other officers and in responding to appellant's grievance; (5) Cheryl Lawson, regional director of TDCJ, was negligent in failing to respond to appellant's complaints; and (6) Stevenson Unit medical staff were negligent in requiring appellant to use a top bunk despite his injuries and in failing to assign him to a work unit with medical restrictions. As to each allegation, appellant either specifically pleaded that the complained-of actions and omissions were in the officer's "official capacity as an employee" or it is clear from the context that the individual defendants were acting in their capacities as TDCJ or UTMB employees.

immunity and argued that the sole basis for his waiver claim was "a condition of property argument."

Where, as here, there is no use by a government employee, a state agency is liable only when a state actor has provided property that lacks an integral safety component and the lack of this integral safety component leads to the plaintiff's injuries. *See Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528, 529 (Tex. 1975) (finding hospital bed provided by hospital without bed rails lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Harvey*, 124 S.W.3d at 223–24 (finding ice barrels provided by university without ice scoops lacked an integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Hampton v. Univ. of Tex.—M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 631 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (finding hospital bed provided by hospital with bed rails that were not activated by hospital lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *see also Jenkins v. Tex. Dep't of Crim. Justice*, No. 13-03-073-CV, 2004 Tex. App. LEXIS 4527, at **7–9 (Tex. App.—Corpus Christi May 20, 2004, no pet.) (mem. op.) (finding inmate plaintiff's pleadings that he suffered injuries when struck by "a machine of defective design" and "without any safeguards" sufficient to trigger waiver of immunity) (citing *Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989) (finding waiver under the TTCA where state employee provided swimming attire that did not include life preserver); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976) (finding cause of action stated within waiver of immunity where university provided

6

football player with inadequate protective equipment); *McBride v. Tex. Dep't Criminal Justice—Institutional Div.*, 964 S.W.2d 18, 22 (Tex. App.—Tyler 1997, no pet.) (finding allegations that governmental entity was negligent in furnishing defective barrel sufficient to establish waiver of immunity under the Act); *Tex. Dep't of MHMR v. McClain*, 947 S.W.2d 694, 697–98 (Tex. App.—Austin 1997, writ denied) (finding waiver of immunity where hospital provided lockers and wheelchair which lacked integral safety component); *Tex. Dep't of Corrections v. Jackson*, 661 S.W.2d 154, 158 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) (holding that pleadings and proof were sufficient to fall within waiver provision of the Act where prison furnished tool belt which was insufficient or inappropriate for the purpose for which it was used)).

## III. DISCUSSION

### A. Claims Against Individual Defendants

We first address appellant's claims against the individual defendants. As noted, appellant's amended petition omitted the individual defendants from the caption, thereby dismissing them from the suit. *See Randolph v. Jackson Walker, L.L.P.,* 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered."). In addition, appellant apparently concedes that he intended to dismiss the individual defendants.[2] Moreover, because appellant's negligence claims against the individual defendants allege only conduct within the TDCJ

---

[2] In his response to the appellees' plea to the jurisdiction, appellant stated that his "voluntary dismissal of individual defendants is inherent within his intent to comply with CPRC §101.106(f), his admission of error in this regard, and reflected in the modified caption of his amended brief."

or UTMB employee's official capacity, the claims are barred because the TTCA forecloses any action against a government employee that arises from conduct within an employee's scope of employment. *See Velasquez*, 332 S.W.3d at 381; *Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 648 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (noting that "if a plaintiff sues both the governmental unit and its employee, then under subsection (e), the claims against the employee must be dismissed, even if the governmental unit's immunity has not been waived."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (allowing a plaintiff who has sued a government employee in what is considered to be his official capacity to avoid dismissal of the action by substituting the governmental employer as a defendant). Accordingly, the trial court did not err in dismissing appellant's claims against the individual defendants.

### B. Claims Against UTMB

Appellant's amended petition alleges that unnamed "Stevenson unit medical staff" (1) failed to prescribe appropriate work restrictions authorizing his transfer to a work unit consistent with his injuries, and (2) failed to assign him a bottom bunk during his recovery. Essentially, appellant complains that UTMB failed to use or misused information about his medical condition.

The State does not waive immunity by the use, misuse, or non-use of information in a medical record. *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994); *see Kelso v. Gonzales Health Care Sys.,* 136 S.W.3d 377, 382 (Tex. App.—Corpus Christi 2004, no pet.) ("Information about a medical condition is not

8

considered tangible property."). We hold that the trial court did not err in dismissing appellant's claims against UTMB.

**C. Claims Against TDCJ**

Appellant alleges that TDCJ negligently provided property that lacked an integral safety component and the lack of such integral safety component led to his injuries. *See Tex. Dep't of Crim. Justice v. Diller*, 127 S.W.3d 7, 12 (Tex. App.—Tyler 2002, pet. denied). Specifically, in his response to appellees' plea to the jurisdiction, appellant stated:

> [Appellant] has alleged from the beginning that it was the condition of the axe (loose axe-head) that was a contributing factor to his injuries.
>
> . . . .
>
> First, the axe head was loose because it lacked the shim necessary to make it fit snugly. In the fieldforce, axes, grubbing hoes and aggies (large hoes) are used daily. The heads of all these tools often come loose from constant use. The looseness is repaired by inserting a shim between the handle and the head. The axe head was loose because the shim, "an integral safety component," was missing.
>
> . . . .
>
> In this case[,] the absence of a shim to secure the axe head triggers [a waiver of sovereign immunity].

For a defective condition to be the basis for complaint, the defect must pose a hazard in the intended and ordinary use of the property. *Dallas Cty. v. Posey,* 290 S.W.3d 869, 872 (Tex. 2009). Here, appellant contends that the allegedly defective hoe was being used in its ordinary and intended use.

Appellant stated in his pleadings that the condition of the property was defective due to the absence of an integral safety component. The facts as set forth indicate a

9

direct causal relationship between the condition of the axe and appellant's injuries. Construing the pleadings in appellant's favor, as we must, we conclude the pleadings sufficiently allege: (1) the axe was provided by TDCJ; (2) the axe was defective due to the absence of an integral safety component; (3) this defective condition directly and proximately caused appellant's injuries; (4) TDCJ had knowledge (or should have known) of its dangerous condition; and (5) TDCJ was negligent in failing to take reasonable and prudent action in removing the defective axes. We find these allegations sufficient to bring the claim within the waiver provisions of the TTCA. *See, e.g.*, *Harvey*, 124 S.W.3d at 223–24 (finding allegations that ice barrels lacking a scoop fell within the "condition-of-tangible-personal-property" waiver under TTCA); *Webb County v. Sandoval*, 88 S.W.3d 290, 295 (Tex. App.—San Antonio 2002, no pet.) (concluding that allegations that child choked due to "condition" of overcooked chicken nuggets was sufficient to fall within waiver provision of TTCA); *Torres v. City of Waco*, 51 S.W.3d 814, 820 (Tex. App.—Waco 2001, no pet.) (finding allegations that City failed to properly secure a judge's stand which proximately caused injury, sufficiently alleged that condition of property caused injuries), *overruled on other grounds by Binur v. Jacobo*, 135 S.W.3d 646, 651 n.11 (Tex. 2004); *McBride*, 964 S.W.2d at 22 (finding allegations that governmental entity was negligent in furnishing defective barrel sufficient to establish waiver under TTCA).

## IV. CONCLUSION

We affirm the trial court's order as to the individual defendants and UTMB. We reverse the trial court's order to the extent that it purports to dismiss appellant's claims

10

against TDCJ, and order those claims severed and remanded to the trial court for other hearings and/or trial on the merits.[3]

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
12th day of July, 2012.

---

[3] In the summary section of his brief, appellant complains that the trial court's "two-line dismissal improperly denied [him] due course of law." However, appellant does not otherwise address this issue, and we conclude it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).