**Opinion filed September 19, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00026- CV

_____

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellant

## V.

## SAN JUANITA R. GARZA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ADOLFO GARZA, DECEASED; AND DEBORAH MARQUEZ, AS NEXT FRIEND OF K.J.G., A.G., JR., AND J.A.G., MINORS, Appellees

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 025102**

## M E M O R A N D U M   O P I N I O N

This cause arises from the trial court's denial of Appellant Texas Department of Criminal Justice's (TDCJ) combined plea to the jurisdiction and motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. By two issues, Appellant

argues that the trial court erred by denying its plea to the jurisdiction because: (1) "Appellees failed to demonstrate a waiver of sovereign immunity under the Texas Tort Claims Act"; and (2) "[t]he district court lacked jurisdiction over Appellees['] claims against [Appellant] because the claims were time-barred." By a third issue, Appellant argues that the trial court erred by denying its Rule 91a motion to dismiss because "[Appellant] retains Eleventh Amendment immunity to suit and Appellees['] claims under 42 U.S.C. [§] 1983 are jurisdictionally bared." We reverse and render.

*Factual and Procedural History*

According to Appellees' live pleading, Adolfo Garza was an inmate in the French Robertson Unit of TDCJ, housed in solitary confinement, when he ingested ethanol and subsequently passed away. Appellees claimed that Appellant was vicariously liable for negligently causing Adolfo's death vis-à-vis the Texas Tort Claims Act and 42 U.S.C. § 1983 because an unnamed guard "suppl[ied] [Adolfo] with ethanol and/or fail[ed] to remove the ethanol from his solitary confinement space." Appellant filed a combined plea to the jurisdiction and 91a motion to dismiss. In its plea to the jurisdiction, Appellant argued that (1) Appellees' claims, as pleaded, did not support a waiver of immunity; and (2) Appellees' failure to timely serve Appellant before the statute of limitations lapsed precluded a waiver of immunity. In its 91a motion to dismiss, Appellant argued that it retained immunity from Appellees' Section 1983 claim under the Eleventh Amendment to the United States Constitution. Appellees responded, arguing that (1) Appellant's immunity was waived by Appellees' pleadings under the Texas Tort Claims Act; (2) Appellees timely filed the suit, exercised diligence in serving Appellant, and provided pre-suit notice of their claims; and (3) Appellant's 91a motion was untimely because the trial

court had not ruled on it within forty-five days of its filing. The trial court denied Appellant's combined motion in its entirety without providing its basis for doing so.

*Standard of Review & Applicable Law*

A. *Sovereign Immunity*

"Sovereign immunity protects the State of Texas and its agencies and subdivisions from suit and liability." *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 (Tex. 2019). "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Appellant, as a governmental unit, enjoys sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2019); *Miranda*, 133 S.W.3d at 225–26; *Strode v. Tex. Dep't of Crim. Just.*, 261 S.W.3d 387, 390 (Tex. App.—Texarkana 2008, no pet.). However, the State may waive its immunity by consenting to the suit or through legislation. *Miranda*, 133 S.W.3d at 224.

B. *Texas Tort Claims Act*

In this case, the claims that Appellees have asserted against Appellant arise under the Texas Tort Claims Act (TTCA). Section 101.021 of the TTCA provides a limited waiver of immunity in narrowly defined circumstances. In this case, Appellees claim that sovereign immunity is waived because the complained-of injuries were proximately caused by the negligent "condition or use of tangible personal . . . property" by the governmental unit or its employees. CIV. PRAC. & REM. § 101.021(2); *see also Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341–43 (Tex. 1998); *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

"[T]o state a 'use' of tangible personal property claim under the Tort Claims Act, the injury must be *contemporaneous* with the use of the tangible personal property—'[u]sing that property must have actually caused the injury.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388–89 (Tex. 2016) (quoting *Miller*, 51 S.W.3d at 588). A governmental unit "does not 'use' tangible personal property . . . within the meaning of [§] 101.021(2) by merely providing, furnishing, or allowing . . . access to it." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 98 (Tex. 2012). As for whether tangible personal property constitutes a "condition" under the TTCA, "the [T]TCA waives immunity for an inherently dangerous condition of tangible personal property only if the condition poses a hazard when the property is put to its intended and ordinary use." *Id.* at 99; *Dall. Cnty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009). The mere nonuse of tangible personal property is not actionable under the TTCA. *Miller*, 51 S.W.3d at 587–89; *Bossley*, 968 S.W.2d at 340–43.

### C. *42 U.S.C. § 1983*

Section 1983 permits an individual whose rights, privileges, or immunities have been deprived under color of law to seek redress against the infringing party. 42 U.S.C. § 1983. However, the Eleventh Amendment to the United States Constitution bars such suits against a state and its subdivisions unless the state has waived immunity or Congress exercises its power under the Fourteenth Amendment to override that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see* U.S. Const. amends. XI, XIV, § 5. Congress has not exercised its power to override immunity to a section 1983 claim. *See Will*, 491 U.S. at 66. Likewise, the Texas legislature has not waived such immunity. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007).

4

D. *Plea to the Jurisdiction*

Before a court may decide a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Miranda*, 133 S.W.3d at 226); *Ector Cnty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding the allegations of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 226–27; *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied).

When the plea only challenges the plaintiffs' pleadings, as in the case before us, we must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the case; in this regard, the plaintiffs bear the burden to allege such facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020); *Miranda*, 133 S.W.3d at 226. Therefore, we must accept as true all factual allegations in the plaintiffs' pleadings, construe them liberally in the pleaders' favor, and look to the pleaders' intent. *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Mun. League Intergovernmental Risk Pool v. City of*

5

*Abilene*, 551 S.W.3d 337, 342–43 (Tex. App.—Eastland 2018, pet. dism'd). If the allegations create a fact question regarding jurisdiction, a trial court may not grant the plea because the factfinder must resolve the fact issue. *Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Colorado Indep. Sch. Dist.*, 660 S.W.3d 767, 771 (Tex. App.—Eastland 2023, no pet.). But if the pleader fails to raise a fact question on the jurisdictional issue, the trial court may rule on the plea as a matter of law. *Id.*

E. *Rule 91a Motion to Dismiss*

Rule 91a of the Texas Rules of Civil Procedure permits a party to seek dismissal of a suit if the suit "has no basis in law or fact." TEX. R. CIV. P. 91a.1. A 91a motion must state that it is sought under Rule 91a, identify each cause of action to which it is addressed, and state specifically the reasons the cause of actions has no basis in law or fact. *Id.* R. 91a.2. A 91a motion must be filed within sixty days of service of the pleading containing the challenged cause of action and twenty-one days before a hearing on the motion, and the motion must be granted or denied within forty-five days after the motion is filed. *Id.* R. 91a.3. However, the forty-five-day ruling requirement is not jurisdictional in that a trial court's failure to timely rule does not prohibit it from ruling altogether. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 603 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *Walker v. Owens*, 492 S.W.3d 787, 791 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (finding that the trial court's failure to rule within forty-five days was harmless error). A 91a motion is an appropriate avenue to seek dismissal for want of jurisdiction based on sovereign immunity. *See City of Dall. v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016). "We review the merits of a Rule 91a motion de novo." *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).

6

*Analysis*

Because Appellant's plea to the jurisdiction challenged Appellees' pleadings, rather than the jurisdictional facts, we accept Appellees' pleadings as true for the purposes of assessing immunity. *See Klumb*, 458 S.W.3d at 8. As such, we consider whether an unnamed guard providing Adolfo with or leaving for his access ethanol, in violation of Appellant's own training policies, leading to his death results in a waiver of immunity under either the TTCA or Section 1983. *See id.*

A. *Texas Tort Claims Act—No "condition or use"*

The facts alleged by Appellees are significantly similar to the facts alleged in *Black*. *See* 392 S.W.3d at 91. In *Black*, a psychiatric patient in a state hospital was found unconscious with a plastic bag over his head and later determined to have died by asphyxiation. *Id.* The Supreme Court of Texas considered whether the State's immunity was waived by the hospital providing or failing to prohibit access to the plastic bag, despite its own policy classifying the plastic bag as dangerous in an inpatient psychiatric setting. *Id.* at 98. The court determined that "[n]either providing nor prohibiting access to the bag was a 'use'" as contemplated by the TTCA. *Id.* The court further determined that the plastic bag was not a "condition" because the TTCA waives immunity "for an inherently dangerous condition of tangible personal property *only* if the condition poses a hazard when the property is put to its *intended and ordinary use*, which the plastic bag was not." *Id.* at 99. (emphasis added). This was true despite the hospital's own policy that considered the plastic bag dangerous. *Id.*

The reasoning in *Black* compels us to reach the same result here. Even if an unnamed guard provided Adolfo with or failed to prohibit him from having ethanol as alleged, it does not constitute a "use" of the ethanol. *See id*. at 98. Similarly, the ethanol would not constitute an inherently dangerous condition because it does not

pose a hazard when put to its *intended and ordinary* use. *See id.* at 99; *Posey*, 290 S.W.3d at 871–72 (finding no "condition or use" of tangible personal property and thus no waiver of immunity where inmate used phone cord to hang himself despite jails knowledge of similar past incidents); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–47 (Tex. 2004) (finding no "use" of tangible personal property and thus no waiver of immunity where State hospital allowed patient to possess suspenders and a walker, which he used to commit suicide). Accordingly, we conclude that the TTCA does not waive immunity as pleaded by Appellees and the trial court erred by denying Appellant's plea to the jurisdiction. Appellant's first issue is sustained.

B. *Section 1983 – No waiver immunity of the Eleventh Amendment*

The trial court similarly erred by denying Appellant's 91a motion to dismiss. *See Sanchez*, 494 S.W.3d at 724–25. As noted, the United States Congress has not overridden, nor has the Texas legislature waived, immunity for claims brought under 42 U.S.C. § 1983. *See Will*, 491 U.S. at 66; *Koseoglu*, 233 S.W.3d at 839. Accordingly, TDCJ, as an arm of the State, is entitled to immunity from Appellees' Section 1983 claim. *See Will*, 491 U.S. at 66; *Koseoglu*, 233 S.W.3d at 839. Because Appellant retains immunity from Appellees' Section 1983 claim, the trial court lacked jurisdiction. *See Will*, 491 U.S. at 66; *Koseoglu*, 233 S.W.3d at 839. Appellant's third issue is sustained.

Because we sustained Appellant's first and third issues, there is no need to, and we do not address its second issue, which argues that the trial court lacked jurisdiction because Appellant was not timely served with suit through its executive director. *See* TEX. R. APP. P. 47.4 (directing memorandum opinions be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

*This Court's Ruling*

We reverse the judgment of the trial court and render judgment dismissing Appellees' claims.


W. BRUCE WILLIAMS

JUSTICE


September 19, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.