COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHARLES RAY PHILLIPS, | § | No. 08-11-00240-CV |
| Appellant, | § | Appeal from the |
| v. | § | 112th District Court |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al*. | § | of Pecos County, Texas |
| Appellee. | § | (TC# P-11311-112-CV) |
| | § | |

## **O P I N I O N**

Proceeding *pro se*, Charles Ray Phillips ("Phillips") appeals the trial court's order granting the Texas Department of Criminal Justice's ("TDCJ") plea to the jurisdiction and dismissing with prejudice Phillips' causes of action against TDCJ. We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises from an incident that occurred when Phillips, an inmate imprisoned in TDCJ's James A. Lynaugh Unit in Fort Stockton, Texas, severed part of a finger while operating a meat saw in the prison's butcher shop. After Phillips' grievances were resolved against him, he sued TDCJ in its official capacity and numerous governmental employees in their individual capacities pursuant to Section 101.021(2) of the Texas Tort Claims Act (TTCA).[1] In a nine-count petition, only some of which are relevant to this appeal, Phillips alleged that the defendants were negligent and grossly negligent in furnishing him with a defective meat saw that lacked integral safety components and in failing to implement adequate safety procedures, to provide a safe

---

[1] In a separate order previously entered, the trial court dismissed Phillips' causes of actions against the governmental employees Phillips sued individually. Phillips does not appeal from that order.

environment, to train him to use the meat saw properly, and to supervise him while using the meat saw.[2] Phillips admitted in his petition, and later in his deposition, that he did not know what caused his injury. Relying on Phillips' admissions, TDCJ filed a plea to the jurisdiction, claiming that it had not waived its sovereign immunity because Phillips could not prove that the allegedly defective meat saw was the proximate cause of his injury. Without stating the basis for its decision in its order, the trial court granted TDCJ's plea to the jurisdiction and dismissed with prejudice Phillips' causes of action against TDCJ. This appeal followed.

## DISCUSSION

Phillips raises six issues on appeal. In his third, fourth, and fifth issues, Phillips takes three bites at the proverbial apple to argue that the trial court should not have granted TCDJ's plea to the jurisdiction because the causes of action he alleged in his petition were sufficient to establish that TDCJ waived its sovereign immunity under the Texas Tort Claims Act thus invoking the trial court's jurisdiction. In his second and sixth issues, Phillips contends that the trial court was unaware that it had the authority to consider additional evidence he filed during the course of the proceeding when deciding TDCJ's plea to the jurisdiction and therefore erred in not considering this evidence. And in his first issue, Phillips argues that the trial court violated the canons of judicial conduct when it held the hearing on the plea to the jurisdiction in his absence.

### *Proximate Cause*

As stated above, Phillips complains in three separate issues that his causes of action are

---

[2] Phillips also included counts in his petition complaining of the prison staff's failure to escort him to the infirmary following the incident, of the medical treatment he received at the infirmary, of the problems and delays he experienced during the grievance process, and of the jokes he endured from prison staff. However, Phillips does not address the dismissal of these causes of action in his brief. Accordingly, Phillips has waived his right to complain about their dismissal on appeal. *See Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991) (stating that the appellant could not challenge a trial court's general judgment notwithstanding the verdict on grounds that the appellant did not advance in his brief to the court of appeals).

pled sufficiently well to establish TDCJ waived its sovereign immunity pursuant to Section 101.021(2) of the TTCA.   In his third issue, Phillips argues that "the affirmative allegation of furnishing defective equipment to [him] state[s] a case within the statutory waiver of immunity[.]"  In his fourth issue, Phillips contends that "[TDCJ] use[d] tangible personal property in such a manner as to waive immunity under [the TTCA]."   In his fifth issue, Phillips argues that "[he met] the statutory elements and common-law elements of the underlying cause of action for waiver of immunity under" Section 101.021(2) of the TTCA.   The question is whether Phillips' injuries were proximately caused by the negligence or wrongful act or omission of a TDCJ employee acting within his or her scope of employment.

## A.  Standard of Review

TDCJ's plea to the jurisdiction based on sovereign immunity challenged the trial court's jurisdiction to hear this case.   *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Strode v. Tex. Dep't of Criminal Justice*, 261 S.W.3d 387, 390 (Tex.App.--Texarkana 2008, no pet.).   We apply a *de novo* standard of review to determine whether Phillips alleged facts and theories of recovery that affirmatively demonstrated that TDCJ waived its sovereign immunity, thereby invoking the trial court's jurisdiction.   *Holland*, 221 S.W.3d at 642; *Strode*, 261 S.W.3d at 390.   In so doing, we construe Phillips' pleadings liberally in his favor and look to his intent.   *Holland*, 221 S.W.3d at 643.   If Phillips' pleadings do not affirmatively demonstrate jurisdiction, but do not negate it outright, then Phillips ought to be afforded the opportunity to amend since the issue is one of pleading sufficiency.   *Holland*, 221 S.W.3d at 643.   If, however, Phillips' pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction must be granted without allowing Phillips an opportunity to amend.   *Id.*   Should it be necessary, additional evidence submitted by

3

the parties pertaining to jurisdictional facts may be considered. *Holland*, 221 S.W.3d at 643; *Strode*, 261 S.W.3d at 390.

## B. Texas Tort Claims Act

Unless waived by statute, state governmental units such as TDCJ are immune from suit and liability pursuant to the doctrine of sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Strode*, 261 S.W.3d at 390. In promulgating the TTCA, the Legislature waived sovereign immunity for certain tort claims involving automobiles, premises defects, or the condition or use of property. TEX.CIV.PRAC.&REM.CODE ANN. §§ 101.001(3)(A)-(B), 101.021, 101.022, 101.025 (West 2011 & Supp. 2011). In particular, Section 101.021(2) of the TTCA waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."[3] TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2)(West 2011). The causation standard embodied in Section 101.021(2) is proximate cause. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.)("Section 101.021(2) requires that for immunity to be waived, personal injury or death must be proximately

---

[3] Section 101.021 states in its entirety:

A governmental unit in the state is liable for:

> (1)  property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A)  the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B)  the employee would be personally liable to the claimant according to Texas law; and
>
> (2)  personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.021.

caused by the condition or use of tangible property."), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

### 1. Proximate Cause

Proximate cause consists of two parts: cause in fact and foreseeability. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The test for foreseeability is whether a person of ordinary intelligence would have anticipated the danger his or her negligent act or omission creates. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). The test for cause in fact is whether the defendant's act or omission was a substantial factor in bringing about the injury that would not otherwise have occurred. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2003); *Doe*, 907 S.W.2d at 477. Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799; *Doe*, 907 S.W.2d at 477. The evidence "must go further, and show that such negligence was the proximate, and not the remote, cause of the resulting injuries" and "justify the conclusion that such injury was the natural and probable result thereof." *Carey v. Pure Distrib. Corp.*, 133 Tex. 31, 124 S.W.2d 847, 849 (1939).

Ordinarily, determining proximate cause is a question of fact. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 313-14 (Tex. 1987). However, a lack of proximate cause may be established as a matter of law if the evidence is without material dispute and the circumstances are such that reasonable minds could not arrive at a different conclusion. *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex.App.--Houston [14th Dist.] 2000, pet. denied).

### C. Application of Law to Facts

Here, Phillips admits in his petition and in his deposition that the meat saw was not the

proximate cause of his injury. In his petition, Phillips described how the incident occurred as follows: "Plaintiff had cut approximately [360] pork chops on the meat saw when he cut off a portion of his . . . finger . . . . Plaintiff did not know what happened because it happened so fast. Plaintiff heard a loud popping sound, then saw his finger pop about four feet into the air and across the room." In his deposition, although Phillips stated repeatedly that he "believed" the meat saw fence moved when he went to catch the pork chops from behind the meat saw, Phillips continued to maintain that he could not describe exactly "how [the injury] happened" or "what malfunction there was." Based on these admissions, we can draw no other reasonable conclusion but that the meat saw was not the proximate cause of Phillips' injury. Although Phillips directs us to evidence in the record in support of his argument that the meat saw was defective because its saw fence and pusher plate, integral safety components, did not work properly, this evidence shows, at the most, that the meat saw furnished a condition that made the injury possible. Standing alone and in stark contrast to Phillips' admissions that he was not sure that the meat saw malfunctioned, this evidence is insufficient to establish that the meat saw's alleged defects proximately caused Phillips' injury.

Because Phillips is unable to establish that the meat saw proximately caused his injury, an essential element of his claim, we overrule Phillips' third, fourth, and fifth issues.[4]

### *Additional Evidence*

As stated above, Phillips raises two issues challenging the trial court's "evidentiary

---

[4] In his petition and brief, Phillips alleges that TDCJ was negligent and grossly negligent in failing to implement adequate safety procedures, to provide a safe environment, to train him to use the meat saw properly, and to supervise him while using the meat saw. Each of these allegations relates to supervisory responsibilities that are independent of the operation or use of the meat saw. To the extent, Phillips is arguing that these claims satisfy the limited waiver of immunity contained within the TTCA, he is mistaken. *See El Paso Mental Health and Mental Retardation Center v. Crissman*, 241 S.W.3d 578, 582 (Tex.App.--El Paso 2007, no pet.)("Allegations of negligent supervision do not satisfy the limited waiver of immunity contained within the Tort Claims Act.")(citations omitted). Consequently, sovereign immunity is not waived with respect to these claims.

rulings." In his second issue, Phillips queries whether the trial court was "aware of the fact that [it was] allowed to look at expanded evidence when necessary to make jurisdictional determinations?" In his sixth issue, he argues that the trial court's failure to consider his supplemental response, new evidence, and the results from an out-of-court experiment before granting TDCJ's plea to the jurisdiction constituted reversible error pursuant to Rule 44.1 of the Texas Rules of Appellate Procedure. We disagree with both of Phillips' arguments.

As the proponent of the "excluded" evidence, Phillips was required to present his argument to the trial court that it should have considered his additional evidence. He was then obligated to obtain a ruling from the trial court to preserve his complaint on appeal. *See* TEX.R.APP.P. 33.1(a) (requiring that a party must timely complain to the trial court and obtain a ruling from the trial court on the complaint to preserve a complaint for appellate review); *Rodriguez by and through Rodriguez v. Hyundai Motor Co.*, 944 S.W.2d 757, 768 (Tex.App.--Corpus Christi 1997), *rev'd on other grounds*, 995 S.W.2d 661 (Tex. 1999)(holding that to preserve error regarding the exclusion of evidence, both the offer of the evidence and the adverse ruling must appear in the record). Here, the record shows that Phillips never presented his argument to the trial court, much less obtained a decision from the trial court. Consequently, Phillips failed to preserve his complaint on appeal.

Even had Phillips preserved his complaint on appeal, he bore the burden to show that the trial court's evidentiary ruling constituted reversible error because the trial court's order granting TDCJ's plea to the jurisdiction hinged on the particular evidence excluded, which was both controlling on a material issue and not cumulative. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995); *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994); *Benavides v.*

7

*Cushman, Inc.*, 189 S.W.3d 875, 879 (Tex.App.--Houston [1st Dist.] 2006, no pet.). However, Phillips proffers no argument or authority concerning such a contention; rather, he boldly asserts that the trial court committed reversible error. Because Phillips failed to adequately brief his argument on appeal, as required by Rule 38.1 of the Texas Rule of Appellate Procedure, he has presented nothing for our review. *See* TEX.R.APP.P. 38.1(i)(requiring an appellant to provide citations to authorities in support of the arguments raised in the brief); *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.)(holding that when appellate issues are unsupported by argument or lack citation to legal authority, nothing is presented for appellate review).

Accordingly, we overrule Phillips' second and sixth issues.

### *Phillips' Absence From the Hearing on the Plea to the Jurisdiction*

In his first issue, Phillips argues that the trial court violated Canon 3 of the Code of Judicial Canons when it held a hearing on TDCJ's plea to the jurisdiction without his presence because the hearing constituted an *ex parte* communication between TDCJ and the trial court.[5]

As an inmate, Phillips did not have an absolute right to appear at the hearing. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Rather, Phillips bore the burden of justifying the need for his presence at the hearing. *In re Z.L.T.*, 124 S.W.3d at 166. Had Phillips requested to be present at the hearing, the trial court would have then been obligated to assess his need to appear against the need to protect the integrity of the judicial system, a decision we would have reviewed for abuse of discretion. *Id. at* 165. Absent such a request, the trial court was not required to inquire independently into the necessity of Phillips' attendance. *In re Z.L.T.*, 124 S.W.3d at 166.

Here, the record establishes that the trial court set TDCJ's plea for a hearing on July 20,

---

[5] TEX.CODE JUD.CONDUCT Canon 3.

8

2011 and that TDCJ mailed the notice of hearing to Phillips on June 27, 2011.   The record also shows that Phillips filed a response to TDCJ's plea on July 5, 2011, and filed a motion to supplement his response ten days later.   However, nothing in the record shows that Phillips filed a *timely* request to be present at the hearing or to proceed by any other means, such as by affidavit, deposition, or telephone.   In other words, he did not meet his burden of justifying the need for his presence.[6]   Because Phillips did not establish the necessity of his presence, the trial court did not violate Canon 3 of the Code of Judicial Canons by holding the hearing without him.   *See Garrett v. Macha*, 2010 WL 3432826, No. 02-09-443-CV, *3 (Tex.App.--Fort Worth Aug. 31, 2010, no pet.)(mem. op.)(holding that the trial court did not violate the judicial canons when it held a hearing without the presence of a *pro se* inmate to determine whether the inmate was a vexatious litigant because the inmate did not satisfy his burden to establish his presence was necessary since he failed to request his appearance or his participation by other means).

Accordingly, we overrule Phillips' first issue.


## CONCLUSION

Having disposed of each of Appellant's issues, we affirm the judgment of the trial court granting TDCJ's plea to the jurisdiction.


April 18, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

[6] The record shows that on July 25, 2011, Phillips filed an "Advisory to the Court" in which he stated he had wanted to attend the hearing and testify and cross-examine witnesses, but had been unable because he was incarcerated, and was now requesting a bench warrant to secure his attendance.   However, the trial court held the hearing five days earlier, on July 20, 2011, the date on which TDCJ had notified Phillips the hearing would occur.