

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00042-CV

_____

IN THE INTEREST OF C.G.B. AND H.F.B., CHILDREN

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 185-18

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In this case, the trial court found that C.G.B.'s and H.F.B.'s biological maternal grandmother and great-grandmother (the Biological Grandmothers) lacked standing either to intervene in or to bring suit to modify an Adoptive Mother's conservatorship of the children after their Biological Mother's parental rights had previously been terminated. On appeal, the Biological Grandmothers do not expressly argue that the trial court's ruling on standing was erroneous. Instead, they argue that the trial court erred in refusing to hear evidence in support of their claims to have standing. Because we find the Biological Grandmothers' complaints meritless and unpreserved, we affirm the trial court's judgment.

The factual background of this case explains the reason for Adoptive Mother's plea to the jurisdiction. C.G.B. and H.F.B. were adopted after Biological Mother's and Father's parental rights to the children were terminated. The Adoptive Father sexually abused the children, his parental rights were terminated, and Adoptive Mother obtained sole managing conservatorship of C.G.B. and H.F.B. in her divorce from Adoptive Father.[1] Alleging that Adoptive Mother had engaged in the practice of "rehoming" the children, the biological maternal great-grandmother filed a counter-petition to modify the parent-child relationship established in the divorce decree between Adoptive Mother and Adoptive Father. The biological maternal grandmother intervened. Adoptive Mother filed her plea to the jurisdiction challenging the Biological Grandmothers' standing.

---

[1]Three months later, parties labeling themselves as the Prospective Adoptive Parents brought a petition to modify the parent-child relationship. The biological maternal great-grandmother filed a petition in intervention in this suit, but the Prospective Adoptive Parents nonsuited the case.

The record shows that the trial court conducted a hearing on Adoptive Mother's plea to the jurisdiction to determine whether the Biological Grandmothers had standing to both bring suit and intervene in a suit to modify Adoptive Mother's conservatorship of the children awarded in the divorce decree. At this hearing, Adoptive Mother argued that the Biological Grandmothers lacked standing pursuant to Section 102.006 of the Texas Family Code, which states, in relevant part, "[I]f the parent-child relationship between the child and every living parent has been terminated, an original suit may not be filed by: . . . a family member or relative by blood . . . of . . . a former parent whose parent-child relationship has been terminated." TEX. FAM. CODE ANN. § 102.006(a)(3). Adoptive Mother had provided the trial court with a brief asserting that "Section 102.006 . . . bars certain parties from filing suit who would otherwise have standing to file the suit." *In re C.M.C.*, 192 S.W.3d 866, 873 (Tex. App.—Texarkana 2006, no pet.); *see In re R.B.*, No. 02-16-00387-CV, 2016 WL 6803200, at *3 (Tex. App.—Fort Worth Nov. 17, 2016, no pet.) (mem. op.) ("Section 102.006, on the other hand, expressly limits the standing of certain parties who would otherwise have standing to file suit under another provision of the family code.") (citing *L.H. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00348-CV, 2014 WL 902555, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.) ("Consistent with our sister court's analysis of section 102.006, we conclude that it . . . expressly does not confer standing but limits the standing of persons who would otherwise have standing."); *In re J.C.*, 399 S.W.3d 235, 239 (Tex. App.—San Antonio 2012, no pet.)). After hearing Adoptive Mother's argument and reviewing her brief, the trial court ruled that Biological Grandmothers lacked standing. The appellate brief

does not challenge the trial court's application of Section 102.006 or otherwise argue that the ruling was erroneous.

Instead, the Biological Grandmothers argue that the trial court erred in refusing to hear the Biological Grandmothers' evidence of standing to bring suit. We disagree.[2] First, nothing in the record establishes that the trial court disallowed evidence of standing to be presented at the hearing. Thus, the Biological Grandmothers' characterization of the hearing as nonevidentiary only is meritless.

Next, we find that error in the exclusion of evidence is unpreserved. At the hearing, Adoptive Mother's counsel repeatedly objected to the Biological Grandmothers' discussion of the case on the merits, but the record shows that the trial court did not expressly rule on those objections. However, when the Biological Grandmothers sought to question Adoptive Mother "regarding what's happened since the date of the divorce decree and before her filing this motion to modify," the court said, "I'm going to have to make a ruling on standing before we do anything else." After asking the Biological Grandmothers to submit a brief on the issue of standing, the trial court concluded the hearing.

---

[2]"Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction." *Id.* at 554. "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat cause of action without regard to whether the claims asserted have merit." *Id.* "The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case." *Id.* "The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Id.* "Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion." *Id.*; *see In re A.M.*, 312 S.W.3d 76, 83–84 (Tex. App.—San Antonio 2010, pet. denied) (trial court did not err in refusing to hear evidence where there was a question of standing under Section 102.006).

The rules of error preservation apply to hearings on pleas to the jurisdiction. *Phillips v. Tex. Dep't of Criminal Justice*, 366 S.W.3d 312, 316–17 (Tex. App.—El Paso 2012, no pet.). To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). "A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . if . . . a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2).

Here, there was no proffer or suggestion of how the evidence the Biological Grandmothers sought to elicit would assist in deciding the issue of standing. Instead, it appeared that the Biological Grandmothers wished to improperly discuss the merits of their "rehoming" allegations. Their appellate brief, which cites no evidence bearing on the issue of standing, also fails to show how any discussion of the merits would aid the trial court's decision on the issue of standing, especially in light of the Biological Grandmothers' uncontested relationship as blood relatives of a former parent whose parental rights were terminated.[3] We find the Biological Grandmothers' argument that the trial court erred in excluding evidence unpreserved.

---

[3]The relevant portion of the Biological Grandmothers' brief states, merely:

> The reporter's record at bar is replete with arguments of each counsel, and repeated objections by each counsel. But no evidence was heard. The only matter of aid to the trial judge was the detailed affidavit [one of the Biological Grandmothers] filed in support of her petition for extraordinary relief and conservatorship. It is clear that Adoptive Mother has taken some past acts in relation to the

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 21, 2019
Date Decided:       October 24, 2019

---

possession of the children that borders on criminal acts subject to an investigation ordered by the trial judge.  A well pled case should not be obscured by a barrage of objections that attempt to obscure possible criminal actions and other actions not in the best interests of the children whose fate is at issue.