# NO. 12-21-00147-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS HEALTH AND HUMAN SERVICES COMMISSION, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *WILLOW BEND CENTER, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Health and Human Services Commission (HHS) appeals the trial court's grant of a temporary injunction in favor of Willow Bend Center. In two issues, HHS contends the trial court lacked jurisdiction to issue the injunction and that the injunction is overbroad. We reverse and remand.

## BACKGROUND

Willow Bend is a residential treatment facility for children with special needs and has been licensed since 2010. On March 9, 2021, the Department of Family and Protective Services (the Department) notified Willow Bend that it was suspending all new placements "due to multiple Reason to Believe dispositions related to abuse and neglect allegations" at Willow Bend. Willow Bend was also notified that the Department had terminated their contract. On March 23, HHS notified Willow Bend that it intended to revoke Willow Bend's residential childcare license. The notice cited a "repetition pattern of Reason to Believe findings for Abuse and Neglect" as well as "a risk to the health or safety of children." HHS further ordered Willow Bend to cease operations pending the outcome of its administrative appeals as required by the Texas Human Resources Code.

1

On June 7, Willow Bend filed suit against HHS seeking, in part, a temporary injunction to allow it to continue operating during the pendency of its administrative appeals. HHS, although it contends it was not served with the lawsuit, filed a response in opposition to the request for a temporary injunction. Following a hearing, the trial court granted Willow Bend's request for a temporary injunction, finding that Willow Bend does not pose a health or safety risk to children. This appeal followed.

## SOVEREIGN IMMUNITY

In its first issue, HHS argues that Willow Bend has not sufficiently pleaded a cause of action that defeats its sovereign immunity. Alternatively, HHS urges that the trial court's injunction is broader than the scope of the limited immunity waiver.

**Standard of Review**

Sovereign immunity protects state agencies from lawsuits unless the Legislature waives the immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tex. Dep't of Criminal Justice v. Flores*, 555 S.W.3d 656, 661 (Tex. App.–El Paso 2018, no pet.); *Phillips v. Tex. Dep't of Criminal Justice*, 366 S.W.3d 312, 315 (Tex. App.–El Paso 2012, no pet.). A governmental unit's sovereign immunity deprives a trial court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *Tirado v. City of El Paso*, 361 S.W.3d 191, 194 (Tex. App.–El Paso 2012, no pet.). The Legislature has created a limited waiver of immunity for childcare facilities seeking injunctive relief when they have been told to cease operations. The waiver states in pertinent part:

> A person who has been notified by the commission that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. The court may grant injunctive relief against the commission's action only if the court finds that the child-care operation does not pose a health or safety risk to children. A court granting injunctive relief under this subsection shall have no other jurisdiction over an appeal of final commission action unless conferred by Chapter 2001, Government Code.

TEX. HUM. RES. CODE ANN. § 42.072(e) (West Supp. 2021).

Ultimately, we review de novo the issue of whether a trial court has subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 226–27; *Flores*, 555 S.W.3d at 662. In so doing, we

must accept as true all factual allegations in the petition. ***State of Tex. Parks & Wildlife Dep't v. Morris***, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.). We further must examine the pleader's intent and construe the pleading in the plaintiff's favor. *See* ***Cty. of Cameron v. Brown***, 80 S.W.3d 549, 555 (Tex. 2002); ***Tex. Dep't of Transp. v. Ramirez***, 74 S.W.3d 864, 867 (Tex. 2002). Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties. ***Tex. Ass'n of Bus. v. Tex. Air Control Bd.***, 852 S.W.2d 440, 445 (Tex. 1993).

If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. ***Brown***, 80 S.W.3d at 555. However, the mere failure of a petition to state a cause of action does not show a want of jurisdiction in the trial court. ***Bybee v. Fireman's Fund Ins. Co.***, 331 S.W.2d 910, 917 (Tex. 1960). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *See id.*

## Analysis

HHS concedes that Section 42.072(e) contains a limited waiver of sovereign immunity. However, it urges that Willow Bend's pleadings were not specific enough to invoke the waiver. Specifically, HHS contends that Willow Bend's failure to plead that it does not pose a risk to health or safety of children is fatal to Willow Bend's cause. We agree.

In its pleadings that include an original petition and two amended petitions, Willow Bend referenced Section 42.072 and stated that it gave the trial court jurisdiction over the case. However, it did not plead that Willow Bend does not pose a health or safety risk to children. Instead, it merely states that Section 42.072 permits it to seek an injunction so that it can continue to operate during the pendency of its administrative appeal. It references the Texas Administrative Code for its proposition that it can continue to operate during its appeal of HHS's revocation decision and cites to the Texas Constitution for its due process argument.[1] When requesting both a temporary restraining order and temporary injunction, Willow Bend alleged that its application for injunctive relief is authorized by Section 42.072. It further explained the harm that failing to grant injunctive relief would cause Willow Bend, i.e., closing a private entity

---

[1] 40 TEX. ADMIN. CODE § 745.8875.

for a period of five years, which would be "career-ending." Willow Bend alleged that it considers the administrative appeal process "unfair and untimely," which it contends supports its request for a temporary injunction.

To establish that a trial court has jurisdiction over a tort claim against a state agency, a plaintiff must allege consent to suit either by reference to a statute or express legislative permission and plead facts that fall within the scope of the waiver. *Wilson v. Tex. Workers' Compensation Comm'n*, No. 12-01-00337-CV, 2003 WL 22681793, at *4 (Tex. App.—Tyler Nov. 13, 2003, no pet.) (mem. op.) (citing *Tex. Dep't of Transp. v. Jones*, 8 SW.3d 636, 638 (Tex. 1999) and *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). Section 42.072 states that the trial court has jurisdiction to impose an injunction if the childcare facility does not pose a risk to the health or safety of children. TEX. HUM. RES. CODE ANN. § 42.072. Willow Bend failed to plead that it did not pose a risk to the health or safety of children. Therefore, Willow Bend has not pleaded facts within the scope of the waiver, and it has not shown that sovereign immunity from suit has been waived. However, the petitions do not affirmatively demonstrate incurable defects in jurisdiction; therefore, Willow Bend should be afforded the opportunity to amend. *See Brown*, 80 S.W.3d at 555. Accordingly, we sustain HHS's first issue.[2]

### DISPOSITION

Having sustained HHS's first issue, we *reverse* the trial court's judgment and *remand* the case for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Because HHS's first issue is dispositive, we need not address its remaining arguments or issues. *See* TEX. R. APP. P. 44.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 6, 2022**

**NO. 12-21-00147-CV**

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
Appellant
V.
**WILLOW BEND CENTER,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 21-1308-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*